UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | | |
|---|---|---|
| Eric Dontriecus Miller, | ) | C/A No. 8:25-cv-633-DCC-WSB |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **REPORT AND RECOMMENDATION** |
| | ) | |
| Town of Central, Central Police Department, Steven Thompson, Ahmad Johnson, Wal-Mart Stores, Inc., | ) ) ) | |
| | ) | |
| Defendants. | ) ) | |

This matter is before the Court on Plaintiff's Motion to Amend the Complaint. ECF No. 27. Plaintiff brought claims pursuant to 42 U.S.C. § 1983. ECF No. 1-1. Under the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(d) (D.S.C.), this United States Magistrate Judge is authorized to review all pretrial matters in cases filed under § 1983 and submit findings and recommendations to the district court. In light of the dispositive determination subsumed within the finding that Plaintiff's amendment would be futile as to a new Defendant, the undersigned has issued a Report and Recommendation out of an abundance of caution.[1]

---

[1] Although not a uniform practice, the more common practice within the District of South Carolina is to issue a report and recommendation when denying, or recommending denial of, motions to amend seeking to add new parties. *See AVX Corp. v. Horry Land Co., Inc.*, C/A No. 4:07-cv-3299-TLW-TER, 2010 WL 3609250, at *1-6 (D.S.C. June 25, 2010) (issuing Report and Recommendation); *Williams v. Drew*, C/A No. 6:10-2231-TLW-KFM, 2011 WL 1843332, at *1-2 (D.S.C. Jan. 20, 2011) (issuing Report and Recommendation); *but see Bruce v. Pentagon Fed. Credit Union*, C/A No. 2:22-cv-02211-BHH-MGB, 2024 WL 5155663, at *1-7 (D.S.C. Dec. 9, 2024) (issuing Order).

## BACKGROUND AND FACTUAL ALLEGATIONS

**Complaint**

Plaintiff filed a Complaint in the Pickens County Court of Common Pleas on December 16, 2024. *See* ECF No. 1-1. Defendants filed a Notice of Removal on February 3, 2025. ECF No. 1. In his Complaint, Plaintiff alleges that on December 16, 2022, Ahmad Johnson ("Johnson") was working at Wal-Mart Stores, Inc. ("Wal-Mart") in Central, South Carolina. ECF No. 1-1 ¶ 16. Johnson claims that he observed a black male riding in an electric cart accompanied by a black female, and they selected multiple clothing good items and put them in the cart's basket without looking at the price tags. *Id.* Johnson followed the individuals and saw them enter the infant area, where they began placing the items in their cart into Wal-Mart plastic bags. *Id.* The individuals then exited Wal-Mart without attempting to pay for the merchandise. *Id.* Johnson saw the individuals get into a white Ford Expedition with license tag number SC VAK862 and leave the Wal-Mart premises. *Id.* ¶¶ 17-18. Johnson called the Central Police Department to report the theft. *Id.* ¶ 19. The amount of goods taken totaled approximately $988.00. *Id.* ¶ 20.

This alleged shoplifting report was assigned to Steven Thompson ("Thompson") with the Central Police Department. ECF No. 1-1 ¶ 21. On December 18, 2022, Steven Wescott ("Wescott"), a deputy with the Central Police Department, contacted Johnson and received some information about the alleged shoplifting, including the license tag number for the Ford Expedition and either the security video or screen shots of the security video showing the alleged shoplifters. *Id.* ¶ 22. On December 23, 2022, Levi Hamilton ("Hamilton"), a deputy with the Central Police Department, ran the license tag number, and the registered owner was Debra M. Chamblee. *Id.* ¶ 23.

On April 23, 2023, Hamilton claimed he made a positive identification of the two suspects and that the individuals involved were Plaintiff and Michelle Miller. ECF No. 1-1 ¶ 24. Hamilton based the identification of Plaintiff on Plaintiff's driver's license photograph that he received from Department of Motor Vehicles ("DMV") driving records. *Id.* Plaintiff alleges that this identification was completely erroneous and that he does not look like the person in the security video. *Id.* ¶¶ 25-26. Hamilton did not contact Plaintiff or others about the incident. *Id.* ¶¶ 27-28.

On May 12, 2023, Hamilton went before a magistrate judge in Pickens County and swore under oath that Plaintiff committed the crime of shoplifting at the Wal-Mart in Central, South Carolina on December 16, 2022. ECF No. 1-1 ¶ 30. Hamilton informed the magistrate judge that he identified Plaintiff based on his DMV driver's record photograph. *Id.* ¶ 31. Plaintiff alleges that Hamilton did not tell the magistrate judge that he had not done any further investigation. *Id.* ¶ 32. An arrest warrant was issued for Plaintiff on May 12, 2023. *Id.* ¶ 34.

Plaintiff had no knowledge of the pending arrest warrant. ECF No. 1-1 ¶ 35. On August 12, 2023, Plaintiff was stopped by a South Carolina Highway patrolman on I-85 in Anderson County. *Id.* ¶ 36. The trooper informed Plaintiff of the arrest warrant, and Plaintiff was detained on the side of the road. *Id.* Michael Waters ("Waters"), a deputy with the Central Police Department, went to the traffic stop, took custody of Plaintiff, and transported Plaintiff to the Pickens County Detention Center. *Id.* ¶ 37. Plaintiff alleges that he informed Waters that he did not commit shoplifting because the incident occurred during his work hours, and Waters stated, "good luck with that." *Id.* ¶ 38. Plaintiff hired a criminal defense attorney and proceeded to court on January 25, 2024. *Id.* ¶¶ 46-47. The arrest warrant was dismissed. *Id.* ¶ 47.

Plaintiff brought the following claims against the Town of Central, Central Police Department, Thompson, Johnson, and Wal-Mart: (1) negligence and gross negligence under the

South Carolina Tort Claims Act; (2) defamation and defamation per se; (3) negligence, gross negligence, and recklessness; (4) intentional infliction of emotional distress/outrage; (5) false imprisonment/arrest; (6) civil conspiracy; (7) improper search and seizure, excessive force, and due process violations pursuant to 42 U.S.C. § 1983; and (8) malicious prosecution. ECF No. 1-1.

**Amended Complaint**

On July 16, 2025, Plaintiff filed a Motion to Amend his Complaint and attached a copy of the proposed amended complaint. ECF Nos. 27; 27-1. Defendants filed a Response opposing Plaintiff's Motion to Amend on July 30, 2025, to which Plaintiff filed a Reply on August 6, 2025. ECF Nos. 28; 29.

In the proposed amended complaint, Plaintiff seeks to add Hamilton and Ashaley C. Boatwright, Esquire ("Boatwright"), a prosecutor, as Defendants. ECF No. 27-1. Moreover, Plaintiff details additional allegations. Plaintiff alleges that the arrest warrant was voluntarily dismissed based on Boatwright and the Town of Central showing that Plaintiff was at work at Advance Auto in Belton, South Carolina on December 16, 2022. *Id.* ¶¶ 48, 53. Plaintiff alleges that Boatwright was the prosecutor on the warrant and approved its dismissal. *Id.* ¶ 54.

Plaintiff also alleges that in April 2024, Plaintiff's counsel served civil demand letters on the Town of Central and Wal-Mart based on the wrongful arrest. ECF No. 27-1 ¶¶ 55-56. On or about May 20, 2024, Boatwright responded to the demand letter via email, stating as follows:

> I wanted to reach out to you regarding the above demand letter. At this time the Town of Central is not offering to settle this issue. It is our belief we did not commit any of the allegations. Further, I wanted to inform you the case was dismissed under my discretion because you and your client showed paperwork claiming that he was at work at the time of this incident. When I looked through the case file, I did not see any identifying information against your client, so

> I chose to Dismiss the case. It has since been brought to my attention that there is video of your client committing the shoplifting that he was charged with. That inadvertently was not provided to me. After reviewing the video, it is clear that your client was not at work and was instead in Walmart. As you are aware, jeopardy did not attach to this case, and given the existence of evidence that I believe will be sufficient enough to ensure a guilty verdict, the Police Department [h]as obtained a new warrant for the charge against your client. I would suggest y[']all to call the police department and schedule a self-surrender time to avoid the headache of getting picked up on the warrant. Let me know if you have any questions.

*Id.* ¶ 57. On June 5, 2024, an unknown and unidentified representative for the Town of Central signed an arrest warrant on behalf of "L. Hamilton." *Id.* ¶ 58. Plaintiff voluntarily turned himself in on the same date. *Id.* ¶ 59.

On February 26, 2025, Plaintiff was tried on the second warrant and found not guilty. ECF No. 27-1 ¶ 60. Prior to the trial, in September 2024, Plaintiff's counsel provided Boatwright and the Town of Central sworn statements from Plaintiff's sister and another person admitting to being the individuals in the Wal-Mart videos on December 16, 2022. *Id.* ¶ 61. These witnesses testified at Plaintiff's trial and admitted that they were the individuals shown in the videos. *Id.* ¶ 62. Plaintiff alleges that Defendants never investigated his alibi that he was at work on the date of the incident or that others admitted to the conduct shown on the videos. *Id.* ¶ 63. At trial, Johnson testified that it was "50/50" as to whether Plaintiff was the person shown in the videos. *Id.* ¶ 64. Hamilton testified that he identified Plaintiff as being the person in the videos. *Id.* ¶ 66.

Plaintiff seeks to bring nine causes of action, with the first seven asserted against all defendants, the Town of Central, Central Police Department, Thompson, Johnson, Wal-Mart, Hamilton, and Boatwright: (1) negligence and gross negligence under the South Carolina Tort Claims Act; (2) defamation and defamation per se; (3) negligence, gross negligence, and recklessness; (4) intentional infliction of emotional distress/outrage; (5) false imprisonment/arrest;

(6) civil conspiracy; and (7) malicious prosecution.  ECF No. 27-1.  Plaintiff also seeks to bring claims the last two claims against Hamilton, Thompson, and Boatwright pursuant to 42 U.S.C. § 1983 for (8) malicious prosecution and (9) violation of his due process rights.  *Id.*

## APPLICABLE LAW AND ANALYSIS

Under Federal Rule of Civil Procedure 15(a)(2), "a party may amend its pleading only with the opposing party's written consent or the court's leave.  The court should freely give leave when justice so requires."  "[I]n keeping with the spirit of Federal Rule of Civil Procedure 15(a)," the United States Court of Appeals for the Fourth Circuit has stated that "[i]t is this Circuit's policy to liberally allow amendment …."  *Galustian v. Peter*, 591 F.3d 724, 729 (4th Cir. 2010) (citation omitted).  "A motion to amend should be denied 'only when the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would be futile.'"  *HCMF Corp. v. Allen*, 238 F.3d 273, 276 (4th Cir. 2001).

**Boatwright**

Defendants argue that Plaintiff's amendment would be futile.  ECF No. 28 at 2-3.  A court should only deny an amendment due to futility "when the proposed amendment is clearly insufficient or frivolous on its face."  *Johnson v. Oroweat Foods Co.,* 785 F.2d 503, 510 (4th Cir. 1986).

Regarding Plaintiff's claims against Boatwright, the undersigned agrees the amendment would be futile.  Boatwright is entitled to prosecutorial immunity for actions carried out in prosecuting a case.  *See Nero v. Mosby*, 890 F.3d 106, 117-18 (4th Cir. 2018) (holding that prosecutors are immune from § 1983 claims where their challenged actions were "intimately associated with the judicial phase of the criminal process."); *Davis v. Wilson*, C/A No. 9:12–2482-JMC-BM, 2012 WL 5245360, at *2 (D.S.C. Sept. 12, 2012) (noting that in South Carolina,

prosecutors have "absolute immunity for activities in or connected with judicial proceedings…."); *Kalina v. Fletcher*, 522 U.S. 118, 125-26 (1997) (distinguishing between advocative functions – such as "evaluating evidence and interviewing witnesses [to] prepare[] for trial" – and investigative or administrative functions – such as "[w]hen a prosecutor performs the investigative functions normally performed by a detective or police officer" – and holding that the former enjoy absolute immunity but the latter do not).

Plaintiff alleges that Boatwright was the prosecutor on the first arrest warrant, voluntarily dismissed the first arrest warrant on the basis that Plaintiff was at work on the day in question, did not investigate Plaintiff's alibi or the individuals who admitted to being in the videos, and is liable because of his actions in prosecuting this case, including that "[t]he prosecution … was initiated and maintained without probable cause and in reckless disregard for the truth." ECF No. 27-1 ¶¶ 53-54, 61-63, 126. These allegations involve conduct that is intimately associated with the judicial phase of the criminal process, and Plaintiff's amendment against Boatwright would therefore be futile. *See Gist v. South Carolina*, C/A No. 1:14-cv-117-RBH, 2014 WL 1400776, at *2 (D.S.C. Apr. 10, 2014) (noting that activities intimately associated with the judicial phase of the criminal process "include initiating a prosecution and presenting the state's case, as well as a prosecutor's other duties in his role as an advocate for the state prior to initiating prosecution.").

Plaintiff asserts that arguments regarding prosecutorial immunity should be made in a Rule 12 or Rule 56 motion and not at the Rule 15 amendment stage. However, the United States Court of Appeals for the Fourth Circuit has explained that if the proposed amended complaint fails to state a claim under Rule 12(b)(6), amendment would be futile, and denial of a motion to amend is appropriate. *See United States v. Kellogg Brown & Root Inc.*, 525 F.3d 370, 376 (4th Cir. 2008). Accordingly, arguments that would be made at the Rule 12 stage are appropriate at this time, and

the undersigned recommends that the district court find that Plaintiff's amendments to bring claims against Boatwright would be futile.

**Hamilton**

Plaintiff's proposed amendment as to Hamilton would not be futile.  Plaintiff's proposed amended complaint includes a claim against Hamilton for malicious prosecution under § 1983. ECF No. 27-1 ¶¶ 115-28.  The Fourth Amendment to the United States Constitution protects against unreasonable searches and seizures. U.S. Const. amend. IV.  "A malicious prosecution claim under § 1983 is properly understood as a Fourth Amendment claim for unreasonable seizure which incorporates certain elements of the common law tort." *Evans v. Chalmers*, 703 F.3d 636, 647 (4th Cir. 2012) (citation and internal quotation marks omitted).  "To state such a claim, a plaintiff must allege that the defendant (1) caused (2) a seizure of the plaintiff pursuant to legal process unsupported by probable cause, and (3) criminal proceedings terminated in plaintiff's favor." *Id.*  After a warrant is issued, "the plaintiff must show that the officer deliberately or with reckless disregard for the truth made material false statements in the warrant application or that the officer intentionally or with reckless disregard made the application misleading by omitting material facts." *Adams v. Cnty. of Lexington*, C/A No. 8:20-4296-MGL-PJG, 2022 WL 21747956, at *5 (D.S.C. May 19, 2022) (citations and internal quotation marks omitted).

Accepting Plaintiff's allegations as true, Plaintiff has alleged that Hamilton caused a seizure of Plaintiff pursuant to legal process unsupported by probable cause and legal proceedings terminated in Plaintiff's favor.  Moreover, Plaintiff alleges that Hamilton informed the magistrate judge that he identified Plaintiff from his DMV driver's record photograph when Plaintiff looked "nothing like" the person in the videos.  Accordingly, Plaintiff has stated a claim against Hamilton such that the amendment would not be futile.  *See Miller v. Md. Dep't of Nat. Res.*, 813 F. App'x

869, 880 (4th Cir. 2020) (holding that the plaintiff should have been permitted to file an amended complaint since the proposed pleading adequately stated at least two claims).

Defendants argue, in a perfunctory manner, that Plaintiff's amendment as to Hamilton would be futile because "there was no violation of a clear[ly] established right" and "there was probable cause for the arrest of Plaintiff." ECF No. 28 at 2-3. However, Hamilton has stated a claim that is plausible on its face, and Defendants may make these arguments at a later stage in the litigation.

At least some of Plaintiff's amendments appear to be based on information that was available to him at the time he filed his Complaint. Specifically, Plaintiff's Complaint references Hamilton, but Plaintiff did not seek to bring any claims against Hamilton until his proposed amended complaint. However, Plaintiff's new claims are also based on Hamilton's actions related to the second charge and arrest warrant, the trial of which occurred after the filing of the Complaint.

"Delay alone … is an insufficient reason to deny [a] plaintiff's motion to amend." *Laber v. Harvey*, 438 F.3d 404, 427 (4th Cir. 2006). Rather, delay has generally been considered a factor in determining whether a proposed amendment would be prejudicial or is sought in bad faith. *See id.* at 427 ("Whether an amendment is prejudicial will often be determined by the nature of the amendment and its timing."). Thus, a delay informs, but is not dispositive of, the Court's analysis.

Defendants do not argue that Plaintiff has engaged in bad faith. *See* ECF No. 28. Further, the Court finds that there is no evidence of bad faith. In addition, this case was removed on February 3, 2025, and has not greatly progressed. *See Laber*, 438 F.3d at 427 ("The further the case progressed before judgment was entered, the more likely it is that [subsequent] amendment will prejudice the defendant."); *e.g., Edwards v. City of Goldsboro*, 178 F.3d 231, 242-43 (4th Cir. 1999) (finding a motion to amend after discovery had commenced was proper); *compare Deasy v.*

*Hill*, 833 F.2d 38, 41 (4th Cir. 1987) (finding undue delay and prejudice when a plaintiff sought to amend his complaint right before trial and after discovery was complete). "It is well-settled that no unfair prejudice exists simply because a party has to defend a lawsuit on the merits." *Liberty Prop. Holdings SC, LLC v. Richardson*, C/A No. 4:22-cv-03556-RBH, 2023 WL 4088849, at *2 (D.S.C. June 20, 2023) (internal citation omitted).

Plaintiff's Motion to Amend was filed within the deadline to file motions to amend pleadings set forth in the Amended Scheduling Order, the discovery deadline has not passed, and dispositive motions have not been filed. Given the relatively early stage of this litigation, Defendants would not be unduly prejudiced by Plaintiff's amendment. Accordingly, the undersigned recommends that the district court grant in part and deny in part Plaintiff's Motion to Amend his Complaint and grant Plaintiff leave to file the proposed amended complaint omitting the claims against Boatwright.

## CONCLUSION AND RECOMMENDATION

Based on the foregoing, the undersigned recommends that Plaintiff's Motion to Amend be **GRANTED in part** and **DENIED in part** and that Plaintiff be granted leave to file his proposed amended complaint omitting his claims against Boatwright. ECF No. 27.

**IT IS SO RECOMMENDED.**

s/William S. Brown
United States Magistrate Judge

August 19, 2025
Greenville, South Carolina

*The attention of the parties is directed to the important notice on the following page.*

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Robin L. Blume, Clerk
United States District Court
250 East North Street, Suite 2300
Greenville, South Carolina 29601

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).